UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------------------------------- x
UNITED STATES,                                                :
                                                              :
                                Plaintiff,                    :
                                                              :              MEMORANDUM &
        -against-                                             :              DECISION ON
                                                              :              MOTIONS IN LIMINE
DONALD OGMAN, a.k.a. DON OGMAN, a.k.a.                        :              AND OBJECTIONS
"Mainey-O," a.k.a. "Manny O"                                  :
                                                              :              3:24-CR-113 (VDO)
                                Defendant.                    :
------------------------------------------------------------- x
```

**VERNON D. OLIVER**, United States District Judge:

A grand jury returned a five-count indictment charging Donald Ogman with possession with intent to distribute and distribution of methamphetamine and cocaine between March 2024 and May 2024.[1]

Before the Court are Ogman's motions *in limine*: (1) seeking to prevent the Government from impeaching Ogman with his federal felony conviction, (2) seeking to preclude the testimony of Special Agent David Carney of the Federal Bureau of Investigation ("FBI"), (3) seeking to prohibit the Government from introducing any evidence pursuant to Federal Rule of Evidence 404(b), (4) seeking to preclude the Government from raising any information regarding the street gang "Grape Street Crips," and (5) seeking to preclude the Government from making any comment concerning a 9mm firearm, which was found at a residence on Shelton Avenue.[2] Ogman also filed an objection to a portion of the proposed statement of the

---

[1] (ECF No. 12.)

[2] (ECF Nos. 64, 66, 67, 103, 104.)

case concerning the Government's filing of an Information pursuant to 21 U.S.C. § 851, notifying that Ogman is subject to enhanced penalties.[3]

Also before the Court are the Government's motions *in limine*: (1) seeking permission for the parties to make opening statements, (2) seeking admission of evidence to establish Ogman's prior serious drug felony, (3) seeking exemption of Bureau of Alcohol Tobacco Firearms and Explosives ("ATF") Special Agent Christopher Rettig from witness sequestration, and (4) seeking admission of evidence pursuant to Federal Rule of Evidence 404(b).[4]

As discussed during the pretrial conference held on April 7, 2025 before this Court, the Court rules on the motions *in limine* and objections as follows.

I. **DISCUSSION**

    A. **Ogman's Motion *in Limine* at ECF No. 64**

Ogman's motion *in limine* to prevent the Government from impeaching Mr. Ogman with his federal felony conviction is **GRANTED IN PART AND DENIED IN PART**. The Court **GRANTS** the motion to preclude evidence of Defendant's previous conviction—including the 1998, 2003, 2005, and 2015 convictions—for the purposes of impeachment in the Government's case-in-chief, as any probative value is substantially outweighed by the prejudicial effects under Fed. R. Evid. 609(b). However, the Court **DENIES** the motion to preclude evidence of prior convictions for the purposes of cross-examination and/or rebuttal and **RESERVES DECISION** as to the admissibility of any particular piece of evidence for

---

[3] (ECF No. 76-2 at 2.)

[4] (ECF Nos. 70, 71, 72, 77.)

such purpose. If Ogman "opens the door", such as by raising an entrapment defense, as referenced in his proposed jury instructions,[5] previous convictions which are sufficiently related to the present charge may be introduced. *United States v. Pagan*, 721 F.2d 24, 30-31 (2d Cir. 1983) ("[O]nce a defendant raises the defense of entrapment, evidence of prior convictions relevant to the issue of predisposition may be introduced by the government in rebuttal.").

### B.     Ogman's Motion *in Limine* at ECF No. 66

Ogman's motion *in limine* to prohibit the testimony of FBI Agent David Carney is **DENIED**, as the Government has sufficiently shown that Agent Carney's specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue, as required by Fed R. Evid. 702(a). *See United States v. Dukagjini*, 326 F.3d 45, 52 (2d Cir. 2003) ("[W]e have consistently upheld the use of expert testimony to explain both the operations of drug dealers and the meaning of coded conversations about drugs.");*see also United States v. Tapia-Ortiz*, 23 F.3d 738, 741 (2d Cir. 1994) ("Testimony about the weight, purity, dosages, and prices of [narcotics] clearly relates to knowledge beyond the ken of the average juror.").

### C.     Ogman's Motion *in Limine* at ECF No. 67

Ogman's motion *in limine* to limit the Government's use of other crimes, wrongs, or other act evidence under Fed R. Evid. 404(b) is **DENIED**, as the Government provided reasonable notice of its intention to use such evidence.[6] However, the Government may only

---

[5] (ECF No. 69 at 33–35.)

[6] *See* ECF No. 77.

use this evidence during Phase II of the trial or if Ogman otherwise "opens the door", such as by raising an entrapment defense.

### D. Government's Motion *in Limine* at ECF No. 70

The Government's motion *in limine* seeking permission for the parties to make opening statements is **DENIED**. D. Conn. L. Cr. R. 57. ("The presiding judge shall determine in his or her discretion whether or not to allow opening statements.").

### E. Government's Motion *in Limine* at ECF No. 71

The Government's motion *in limine* to admit certified copies of Ogman's March 10, 2015 conviction, including the judgment and amended judgment from the United States District Court for the District of Connecticut, movement records from the Bureau of Prisons, and the text from the statute in Title 21, United States Code, Section 841, is **GRANTED**, as these documents are self-authenticating under Fed R. Evid. 902(1) and Fed R. Evid. 902(4). However, the Government may only use this evidence during Phase II of the trial or if Ogman otherwise "opens the door", such as by raising an entrapment defense. In that circumstance, the parties are **ORDERED** to confer regarding redactions.

### F. Government's Motion *in Limine* at ECF No. 72

The Government's motion *in limine* to exempt ATF Special Agent Christopher Rettig from witness sequestration is **GRANTED** under Fed R. Evid. 615(b). *United States v. Lee*, 834 F.3d 145, 162 (2d Cir. 2016) (finding that the district court has discretion to exempt the government's chief investigative agent from sequestration).

### G. Government's Motion *in Limine* at ECF No. 77

The Government's motion *in limine* to admit evidence of Ogman's other crimes, wrongs, or other acts under Fed R. Evid. 404(b) is **GRANTED**. As to the first category of

4

evidence, including evidence of a controlled purchase of cocaine on February 28, 2024, the Court finds that such evidence "may be admitted to provide the jury with the complete story of the crimes charged by demonstrating the context of certain events relevant to the charged offense." *United States v. Inserra*, 34 F.3d 83, 89 (2d Cir. 1994). The February 28, 2024 controlled purchase is also admissible as proof of motive, opportunity, intent, absence of mistake, or lack of accident. Fed. R. Evid. 404(b). As to the second category of evidence, including records that establish the defendant's prior federal felony conviction for conspiracy to possess with the intent to distribute crack cocaine, the Government may only use this evidence during Phase II of the trial. If Ogman otherwise "opens the door", such as by raising an entrapment defense, the parties are **ORDERED** to confer regarding redactions.

    **H.**    **Ogman's Motion *in Limine* at ECF No. 103**

Ogman's motion *in limine* to preclude the Government from introducing any evidence regarding the Grape Street Crips is **GRANTED**, as any probative value is substantially outweighed by the risk of undue prejudice under Fed. R. Evid. 403. The Government is prohibited from introducing or attempting to introduce any evidence regarding the Grape Street Crips.

    **I.**    **Ogman's Motion *in Limine* at ECF No. 104**

Ogman's motion *in limine* to preclude the Government from introducing any evidence concerning the recovered 9mm firearm is **GRANTED**, as any probative value is substantially outweighed by the risk of undue prejudice under Fed. R. Evid. 403. The Government is prohibited from introducing or attempting to introduce any evidence regarding the recovered 9mm firearm.

### J. Ogman's Objection To Phase II Instruction at ECF No. 76-2

Ogman's objection to the inclusion of the Phase II portion of the proposed statement of the case for the Court to read to the jury panel at jury selection is **SUSTAINED**.

## II. CONCLUSION

For the reasons set forth above, Ogman's motion *in limine* seeking to prevent the Government from impeaching Ogman with his federal felony conviction (ECF No. 64) is **GRANTED IN PART AND DENIED IN PART**. Ogman's motions *in limine* seeking to preclude the testimony of FBI Agent David Carney (ECF No. 66), and to preclude the Government from introducing any evidence pursuant to Federal Rule of Evidence 404(b) (ECF No. 67), are **DENIED**. Ogman's motions *in limine* seeking to preclude the Government from raising any information regarding the street gang "Grape Street Crips" (ECF No. 103), and seeking to preclude the Government from making any comment concerning a 9mm firearm (ECF No. 104), are **GRANTED**. Ogman's objection to a portion of the proposed statement of the case concerning the Government's filing of an Information pursuant to 21 U.S.C. § 851, notifying that Ogman is subject to enhanced penalties (ECF No. 76-2 at 2), is **SUSTAINED**.

The Government's motion *in limine* seeking permission for the parties to make opening statements (ECF No. 70), is **DENIED**. The Government's motions *in limine* seeking admission of evidence to establish Ogman's prior serious drug felony (ECF No. 71), seeking exemption of ATF Special Agent Christopher Rettig from witness sequestration (ECF No. 72), and seeking admission of Ogman's other crimes, wrongs, or other acts evidence under Fed R. Evid. 404(b) (ECF No. 77), are **GRANTED**.

                                                          **SO ORDERED.**

Hartford, Connecticut
April 7, 2025

                                          /s/Vernon D. Oliver
                                          VERNON D. OLIVER
                                          United States District Judge